UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CESAR CASTANEDA and SUZZANNE CASTANEDA, | NO. CIV. 2:09-01124 WBS DAD |
| Plaintiffs, | <u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |
| v. | |
| SAXON MORTGAGE SERVICES, INC., NOVASTAR MORTGAGE, INC., QUALITY LOAN SERVICE CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SYNERGY FINANCIAL MANAGEMENT dba DIRECT LENDER.COM, LOUIS LEON PACIFIC, MICHAEL TIMOSHUCK, IVETTE CAMPOS, and DOES 1-20, inclusive, | |
| Defendants. / | |

----oo0oo----

Plaintiffs Cesar and Suzzanne Castaneda filed this action against defendants Saxon Mortgage Services, Inc. ("Saxon"), Novastar Mortgage, Inc. ("Novastar"), Quality Loan Service Corp. ("Quality Loan"), Mortgage Electronic Registration

1

Systems, Inc. ("MERS"), Synergy Financial Managment, d/b/a Direct Lender.com ("Synergy"), Louis Leon Pacific, Michael Timoshuck, and Ivette Campos, alleging various state and federal claims relating to a loan they obtained to refinance their home in Sacramento, California.  Saxon and MERS move to dismiss plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Novastar subsequently joined Saxon and MERS's motion.[1]

I.   Factual and Procedural Background

On May 17, 2005, plaintiffs obtained a loan from

---

[1] Novastar filed an answer to plaintiffs' FAC on August 14, 2009, and filed its notice of joinder in MERS and Saxon's Rule 12(b)(6) motion to dismiss on September 2, 2009. (Docket Nos. 22, 29.)  Plaintiffs object that Novastar should not be able to join this motion, as its joinder was untimely under Federal Rule of Civil Procedure 12(b) because Novastar filed an answer before moving to dismiss plaintiffs' claims.  (Am. Opp'n 2:8-20.) While Rule 12(b) states that a motion for any of its several defenses "shall be made before pleading if a further pleading is permitted," the Ninth Circuit has held that when a defendant moves to dismiss for failure to state a claim after filing an answer defendant's motion should be construed as a Rule 12(c) motion for judgment on the pleadings rather than barred as untimely.  Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).
  Judgment on the pleadings is appropriate after the pleadings have closed when, on the face of those pleadings, accepting the allegations of the non-moving party as true, no material issue of fact remains to be resolved. See Fed. R. Civ. P. 12(c); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  A Rule 12(c) motion is essentially equivalent to a Rule 12(b)(6) motion to dismiss and consequently, a district court may "dispos[e] of the motion by dismissal rather than judgment." Sprint Telephony PCS, L.P. v. County of San Diego, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004).  In the interest of efficiency, the court will evaluate Novastar's joinder as a motion for judgment on the pleadings, and evaluate the arguments in MERS and Saxon's motion to dismiss as they apply to Novastar, since the standard for a motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually identical.

2

Novastar to refinance their home, located at 2600 Andrade Way, Sacramento, California.[2] (FAC ¶ 7; Pls.' Am. Request for Judicial Notice ("RJN") Ex. A.)  This loan was secured by a Deed of Trust on the property. (FAC ¶ 34.)  Plaintiffs claim that they were channeled into this allegedly unaffordable loan through the conduct of mortgage brokers Campos and Timoshuck, who allegedly exaggerated plaintiffs' earnings and failed to provide loan documents to plaintiffs in Spanish despite their limited understanding of English. (Id. ¶¶ 27-31.)  Chicago Title Company was listed as trustee and Novastar was listed as lender on the loan documents. (Id.)  The Deed of Trust identified MERS as the nominee for the lender and lender's successors and assigns, and as the beneficiary. (Id. ¶ 35.)

MERS facilitates the transfer of mortgage interests by providing an electronic tracking system for the mortgage interests registered in its system.[3] (See Id. ¶¶ 10, 35.)  To do this, MERS is the beneficiary of record in a "nominee" capacity for the mortgage lender on all security instruments in its system. (Id. ¶ 9.)  When the lender assigns its beneficial

---

[2] While plaintiffs allege in their complaint that the loan was consummated on May 19, 2009, the Deed of Trust supplied by plaintiffs with their amended request for judicial notice indicates that the loan was obtained on May 17, 2009.

[3] Plaintiff argues in his opposition that MERS is not licensed to conduct business in California.  However, MERS is statutorily exempted from the requirement to obtain a certificate of qualification to conduct business in California.  MERS registered as a Delaware corporation, which is a foreign corporation under California law.  Cal. Corp. Code §§ 167, 171.  MERS is not required to obtain a certificate of qualification from the Secretary of State because it does not "transact intrastate business" within the meaning of the statute.  See Lomboy v. SCME Mortgage Bankers, No. C-091160 SC, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009).

3

interest to another entity within MERS's electronic system, MERS remains the beneficiary of record for that instrument by serving as nominee for the new beneficial interest holder. MERS remains the beneficiary of record on the Deed of Trust or mortgage even as the beneficial interest is assigned repeatedly within MERS's electronic system.

MERS allegedly assigned the Deed of Trust for plaintiff's loan to the Bank of New York Mellon on November 19, 2008, and the assignment was recorded on January 21, 2009. (Pls.' Am. RJN Ex. B.) Plaintiffs eventually defaulted on their loan, and a Notice of Default and Election to Sell Under Deed of Trust was filed in Sacramento County by Quality Loan on December 16, 2008. (FAC ¶ 46.) Plaintiffs allegedly were sent notice of a trustee sale by Quality Loan on March 18, 2009. (Id. ¶ 47.) On March 31, 2009, plaintiffs allegedly sent a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, to Saxon that included a demand to rescind their loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Id. ¶ 36.)

In their FAC, plaintiffs assert eleven causes of action against eight defendants. MERS and Saxon's motion to dismiss, which Novastar joins, challenges only the causes of action that apply to MERS and Saxon. The FAC alleges causes of action against Novastar for violations of TILA, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788.1-1788.33, RESPA, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, and California Civil Code section 1632, as well as common law claims for negligence, breach

4

of fiduciary duty, fraud, breach of contract, and breach of the covenant of good faith and fair dealing.  MERS and Saxon only move to dismiss plaintiffs' RFDCPA, negligence, RESPA, fraud, UCL, section 1632, and wrongful foreclosure claims.  Accordingly, the court will consider Novastar's joinder as a motion to dismiss only those claims challenged by MERS and Saxon.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Plaintiffs filed an amended RJN in opposition to MERS and Saxon's motion to dismiss. (Docket No. 38.) Plaintiffs' amended RJN consists of three exhibits: (1) a copy of the Deed of Trust, recorded in Sacramento County on May 20, 2005; (2) a copy of an Assignment of Deed of Trust from MERS to the Bank of New York Mellon, recorded in Sacramento County on January 21, 2009; and (3) an unpublished article entitled "Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System."[4] (Pls.' Am. RJN.) MERS and Saxon also submitted a RJN in support of their motion to dismiss which contains two exhibits: (1) a copy of the Deed of Trust and accompanying riders executed by plaintiffs, recorded in Sacramento County on May 20, 2005; and (2) a copy of the Notice of Default and Election to Sell Under Deed of Trust, recorded in Sacramento County on December 16, 2008.

The court will take judicial notice of the first and second exhibits of plaintiff's amended RJN and all exhibits in MERS and Saxon's RJN, as they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). However, the court denies

---

[4] While plaintiffs' amended RJN additionally requests for the court to take judicial notice of an article entitled "The MERS Fifty Million Mortgage Meltdown" from Home Loan News, a copy of this article was not supplied to the court by plaintiffs. Instead, plaintiffs submitted two copies of the third exhibit in their RJN. Accordingly, the court will not consider plaintiffs' request for judicial notice of this document.

6

plaintiff's RJN of the article entitled "Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System," because it asks for notice of an unpublished article which expresses opinions of the author that may reasonably be questioned.

    A.    <u>California Rosenthal Fair Debt Collection Practices Act</u>

Plaintiffs' second cause of action alleges that Saxon, MERS, and Novastar violated the RFDCPA.  The RFDCPA prohibits a host of unfair and oppressive methods of collecting debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt collector."  <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c) (2008).

Plaintiffs do not identify in their FAC the sections of the RFDCPA that Saxon, MERS and Novastar allegedly violated, and fail to allege facts that would support the inference that Saxon or MERS is a "debt collector" under the RFDCPA.  Instead, the FAC contains only a conclusory restatement of the definition of "debt collector" under the RFDCPA, (FAC ¶ 72.), and fails to allege other essential elements of the statute necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  <u>See</u> Cal. Civ. Code § 1788.2(b)-(f).  Such broad allegations, without even identifying what part of the RFDCPA MERS, Saxon, or Novastar violated, are insufficient to survive a

motion to dismiss.  See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.  See Izenberg, 589 F. Supp. 2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure case).  Since residential mortgage loans to not fall within the RFDCPA, the court must grant defendants' motion to dismiss plaintiff's cause of action under the RFDCPA against MERS, Saxon, and Novastar.

    B.    Negligence

To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff injury."  Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278

8

1  (2004).  Plaintiff argues that MERS, Saxon, and Novastar owed a
2  duty to "perform acts in such a manner as to not cause
3  [p]laintiffs harm."  (FAC ¶ 80.)  Plaintiffs argue that this duty
4  was breached when "[d]efendants . . . failed to maintain the
5  original Mortgage Note, failed to properly create original
6  documents, and failed to make the required disclosures to the
7  [p]laintiffs."  (Id.)  Plaintiffs further contend that MERS,
8  Saxon, and Novastar also breached their duties of care when they
9  took payments to which they were not entitled, charged fees they
10 were not entitled to charge, and made or authorized negative
11 reports of plaintiff's creditworthiness to credit bureaus.  (Id.
12 ¶ 81.)

13          Plaintiffs cite no authority for the proposition that
14 MERS, Saxson, or Novastar owed a duty to not cause plaintiffs
15 harm in their capacities as lender, nominal beneficiary, and loan
16 servicer.  Generally, "[a]bsent 'special circumstances' a loan
17 transaction 'is at arms-length'" and no duties arise from the
18 loan transaction outside of those in the agreement.  Rangel v.
19 DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL
20 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Management
21 Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)).
22 Absent contrary authority, a pleading of an assumption of duty by
23 MERS, Saxon, or Novastar, or a special relationship, plaintiff
24 cannot establish MERS, Saxon, or Novastar owed a duty of care.
25 See Hardy v. Indymac Federal Bank, --- F.R.D. ---, No. CV F 09-
26 935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009);
27 Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232,
28 at *2-3 (N.D. Cal. Sept. 1, 2009).

As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party. See Cal. Civ. Code § 1934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons."); Bentham, 2009 WL 2880232 at *3. MERS could not have breached a duty to plaintiffs by simply assigning its beneficial interest under the Deed of Trust. As the servicer of the loan, Saxon does not owe a duty to the borrowers of the loans it services. See Watts v. Decision One Mortg. Co., No. 09-43, 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009); Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract.")

Additionally, the FAC does not indicate which breaches of this alleged duty apply to MERS, Saxon, or Novastar. (FAC ¶ 80.) Defendants should not be forced to guess how their conduct was allegedly negligent. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Although plaintiffs offer more details about MERS and Saxons's alleged breaches in their opposition, the court cannot consider materials outside of the complaint on a Rule 12(b)(6) motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th

Cir. 1996).[5]  The FAC groups together accusations against all defendants, and is completely unclear as to how MERS, Saxson, or Novastar somehow breached a duty to create loan documents and provide disclosures to plaintiffs.  The FAC fails to state that MERS, Saxon, or Novastar have breached a cognizable legal duty, and accordingly the court will grant defendants' motion to dismiss plaintiffs' cause of action for negligence against MERS, Saxon, and Novastar.

    C.   <u>Real Estate Settlement Procedures Act</u>

RESPA provides that borrowers must be provided certain disclosures relating to the mortgage loan settlement process. <u>See</u> 12 U.S.C. § 2601.  § 2605 of RESPA relates to the disclosures and communications required regarding the servicing of mortgage loans, and provides that loan servicers have a duty to respond to QWRs from borrowers asking for information relating to the servicing of their loan.  <u>See</u> 12 U.S.C. § 2605(e).  Under RESPA lenders of federally related mortgage loans must disclose whether servicing of a loan may be assigned, sold or transferred to loan applicants.  12 U.S.C. § 2605(a).  Plaintiffs allege that Novastar failed to comply with these disclosure requirements. (FAC ¶ 87.)  Additionally, borrowers may send QWRs under RESPA to loan servicers for information relating to the servicing of their loan.  12 U.S.C. § 26055(e)(1).  Loan servicers have 60 days

---

[5] One such allegation is that Saxon's alleged violation of 12 U.S.C. § 2605(e) establishes negligence <u>per se</u>.  This argument appears nowhere in the FAC, and is questionable given plaintiff's failure demonstrate any underlying duty owed by Saxon to plaintiffs.  <u>See</u> <u>California Service Station and Auto. Repair Ass'n v. American Home Assur. Co.</u>, 62 Cal. App. 4th, 1166, 1178 (1998).

11

after the receipt of a QWR to respond to the borrower inquiry. 12 U.S.C. § 2605(e)(2). Plaintiffs allege that they mailed a QWR to Saxon on March 31, 2009, which included a demand to rescind the loan under TILA, and that Saxon has not responded to the request as required by the statute. (FAC ¶ 36.)

Plaintiffs however, fail to allege that Saxon is a servicer at all, or that it ever serviced plaintiffs' loan. In fact, plaintiffs allege that they "are not certain at this time exactly which of [d]efendants was actually the servicer of the loan at any given time." (Id. ¶ 86.) Without alleging that Saxon is a "loan servicer" under RESPA plaintiffs cannot show that Saxon owed any duty to respond to their QWR, and accordingly plaintiffs' RESPA claim against Saxon must be dismissed. See Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199-2000 (C.D. Cal. 2008) (dismissing plaintiffs' RESPA because it failed to allege defendant was a loan servicer); Lopez v. GMAC Mortg. Corp., No. C 07-3911 CW, 2007 WL 3232448, at *3 (N.D. Cal. Nov. 1, 2007) (dismissing RESPA claim because plaintiff alleged defendant was a trustee, not loan servicer).

Novastar, on the other hand, has not provided legal argument to the court as to why the court should dismiss plaintiffs' RESPA claim as to it. Novastar simply joined the motion to dismiss of Saxon and MERS without so much as supplying any additional briefing. While arguments made by Saxon and MERS often apply to plaintiffs' claims against Novastar, in this case Saxon and MERS's motion only attacks the QWR-related claims made against Saxon, and not does not address the initial disclosures which are the basis of plaintiffs' RESPA claim against Novastar.

12

(See FAC ¶ 87; Mot. Dismiss 13:5-28, 14-15.)  Since Novastar has presented no legal argument as to why the RESPA claim against it should be dismissed, the court will not dismiss plaintiffs' RESPA claim against Novastar.

### D. Fraud

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  The plaintiffs must include the "who, what, when, where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud."  Ricon v. Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' fraud allegations do not even come close to surviving a motion to dismiss.  Plaintiffs simply allege that "[d]efendants, and each of them, have made several representations to [p]laintiffs with regard to material facts" and that these were false.  (FAC ¶¶ 103-105.)  Plaintiffs go on

to simply state the elements of a cause of action for fraud without even once pointing to one specific representation made by any defendant at any time. (See Id. ¶¶ 105-108.) Plaintiffs' conclusory statements do not identify with any specificity what, if any, representations were made, when they were made, who made them, or why they were false. These sort of conclusory statements come nowhere close to meeting the pleading standard generally required under Rule 8, let alone the heightened pleading standard of Rule 9(b). See Iqbal, 129 S. Ct. at 1949; Vess, 317 F.3d at 1006. Accordingly, the court will grant defendants' motion to dismiss plaintiffs' fraud cause of action against MERS, Saxon, and Novastar.

E.   California Civil Code Section 1632

Plaintiffs allege that they are primarily Spanish speakers and have limited understanding of English, and that although negotiations over their loan were translated into Spanish, no documents provided to plaintiffs were translated into Spanish in violation of California Civil Code section 1632. (FAC ¶ 131.) California Code section 1632 requires a person in a business who negotiates primarily in Spanish during contract negotiations to provide a translation of the contract or agreement in Spanish for a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240)." Cal. Civ. Code. § 1632(b)(4). Section 10204 applies to real estate loans secured by real property which are exclusively negotiated by a real estate broker. Cal. Bus. & Prof. Code § 10204. Plaintiffs do

14

not allege that MERS, Saxon, or Novastar are real estate brokers. These parties therefore cannot be liable for disclosure violations at the time of loan origination. <u>Delino v. Platinum Cmty. Bank</u>, 628 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009).

Furthermore, plaintiffs fail to so much as specify who they allege their section 1632 claim against.  Rather, the Complaint makes general allegations against all defendants without specifying acts by any particular defendant that violated the statute.  (<u>See</u> FAC ¶ 132.)  MERS, Saxon, and Novastar should not be forced to guess whether they are individually liable for this conduct, and accordingly the court will dismiss plaintiffs' cause of action for violation of section 1632.  <u>See</u> <u>Gauvin</u>, 682 F. Supp. at 1071.  The court also notes that plaintiffs' claim may be time barred by the applicable statute of limitations and that plaintiffs have not alleged that they can tender sufficient funds to effectuate recision of the loan, as required by section 1632(k).  <u>See</u> Cal. Code Civ. Pro. § 340(a); Cal Civ. Code §§ 1632(k), 1691(b); <u>Delino</u>, 628 F. Supp. 2d at 1234.[6]

F.   <u>Wrongful Foreclosure</u>

Plaintiffs' FAC purports to state a claim for "wrongful foreclosure" against Saxon.  Plaintiffs have failed to produce any common law rule or authority providing for a claim for "wrongful foreclosure" at law.  <u>See</u> <u>Fortaleza v. PNC Fin. Servs. Group, Inc.</u>, --- F.Supp.2d ---, No. C 09-2004 PJH, 2009 WL 2246212, at *11 (N.D. Cal. July 27, 2009).  Wrongful foreclosure

---

[6] The court finds it unnecessary to resolve MERS and Saxon's argument that plaintiffs' failure to tender the price of the loan defeats all of plaintiffs' demands for equitable relief, as all causes of action against MERS and Saxon will be dismissed.

15

is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).

Plaintiffs attempt to base this claim first on California Commercial Code section 3301, alleging that Saxon and MERS were not in possession of the Note, and are not beneficiaries, assignees or employees of the entity in possession of the note, and are therefore not "person[s] entitled to enforce" the security interest on the property in accordance with section 3301. However, section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924. See Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994). Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co.,No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Therefore, plaintiffs cannot assert a claim based on Saxon's

failure to comply with an inapplicable commercial code when defendants are not required to "produce the note" according to California law.

Plaintiffs also base their wrongful foreclosure action on the basis of California Civil Code section 2923.5, arguing that "[d]efendants failed to properly record and give proper notice of the Notice of Default" on their property. (FAC ¶ 138.) The FAC does not indicate whether Saxon failed to properly give notice, and simply makes a general allegation as to all defendants. This general allegation gives Saxon insufficient notice of whether it has committed any conduct that violates section 2923.5, and Saxon should not be forced to guess whether it is individually liable for this conduct. See Gauvin, 682 F. Supp. at 1071.

Plaintiffs finally claim that defendants wrongfully foreclosed on plaintiffs' property because they received money from the Troubled Asset Relief Program ("TARP") under the Emergency Economic Stabilization Act ("EESA"), Pub. L. No. 110-343, 122 Stat. 3765 (Oct. 3, 2008), and are therefore subject to the Department of Treasury's guidelines for the Making Homes Affordable Program, H.R. 142 Title I § 109-110, which requires TARP recipients to suspend foreclosures and consider alternative foreclosure prevention options. (FAC ¶¶ 141-143.) However, plaintiffs have not alleged that Saxon received TARP funds, simply pleading that "some or all of the [d]efendants" received such funds. (Id. ¶ 142.) This is insufficient and forces Saxon to guess as to its liability. See Gauvin, 682 F. Supp. at 1071. Accordingly, plaintiffs cannot state a claim upon which relief

17

can be granted and the court will grant Saxon's motion to dismiss plaintiffs' wrongful foreclosure cause of action.

### H. California's UCL

California's UCL, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs' claim under the UCL is vague and conclusory, simply alleging that "[d]efendants' acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices." (FAC ¶ 111.) Plaintiffs identify no specific practices of MERS or Saxon that they find to be "unfair" or "deceptive" in their cause of action. The court has already indicated it will dismiss plaintiffs' other causes of action for violations of the RFDCPA, RESPA, and section 1632 and negligence, fraud, and wrongful foreclosure against MERS and Saxon for failure to state a claim. Since plaintiffs have failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiffs' UCL claim, they by necessity have failed to state a claim against MERS or Saxon under the UCL. However, plaintiffs still have surviving statutory claims against Novastar for violations of TILA and RESPA, which provide a statutory hook for their UCL claim. Accordingly, the court will grant MERS and Saxon's motion to dismiss plaintiffs' UCL cause of

action against MERS and Saxson, but will not dismiss the claim against Novastar.

IT IS THEREFORE ORDERED that MERS and Saxon's motion to dismiss plaintiffs' claims against MERS and Saxon be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Novastar's motion to dismiss plaintiffs' claims against Novastar be, and the same hereby is, GRANTED as to plaintiffs' claims for violation of the RFDCPA, negligence, and violation of California Civil Code section 1632, and DENIED in all other respects.

Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED:  December 2, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE