UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CESAR CASTANEDA and SUZZANNE CASTANEDA,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.; NOVASTAR MORTGAGE, INC.; QUALITY LOAN SERVICE CORP.; SYNERGY FINANCIAL MANAGEMENT dba DIRECT LENDER; THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST 2005-2 BY SAXON; MORTGAGE SERVICES, INC.; LOUIS LEON PACIFIC; MICHAEL TIMOSHUCK; IVETTE CAMPOS;, and DOES 1-20, inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:09-01124 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTIONS TO DISMISS AND EXPUNGE</u><br><u>NOTICE OF PENDENCY OF ACTION</u> |

----oo0oo----

    Plaintiffs Cesar and Suzzanne Castaneda filed this action against defendants Saxon Mortgage Services, Inc.

1

("Saxon"), Novastar Mortgage, Inc. ("Novastar"), Quality Loan Service Corp. ("Quality Loan"), Synergy Financial Managment, d/b/a Direct Lender ("Synergy"), The New York Bank of Mellon, as successor Trustee under Novastar Mortgage Funding Trust 2005-2 by Saxon ("Mellon"), Louis Leon Pacific, Michael Timoshuck, and Ivette Campos, alleging various state and federal claims relating to a loan they obtained to refinance their home in Sacramento, California. In their Second Amended Complaint ("SAC"), plaintiffs assert ten causes of action against nine defendants.

Saxon and Mellon move to dismiss those causes of action in the SAC that apply to them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and also move to expunge a Notice of Pendency of Action under California Code of Civil Procedure sections 405.30-405.39. Novastar separately moves to dismiss the claims that apply to it pursuant to Rule 12(b)(6).

I. <u>Motion to Dismiss</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely

2

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556-57).

### A. Truth in Lending Act

Plaintiffs' first claim is against only Novastar for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. Plaintiffs allege that Novastar violated TILA when it allegedly failed to: (1) provide required disclosures prior to consummation of their loan,(2) make TILA disclosures clearly and conspicuously in writing, (3) timely deliver TILA notices, and (4) disclose all finance charge details of their loan. (SAC ¶ 72.) Specifically, plaintiffs claim that Novastar "failed to provide [them] with any disclosures prior to closing that would have allowed [them] to review the terms of their loan." (Id. ¶ 73.) Plaintiffs pray for both damages and rescission of the loan based on these violations.

#### 1. Damages

The statute of limitations for a TILA damages claim is one year from the date of the alleged TILA violation. 15 U.S.C. § 1640(e). Novastar argues that plaintiffs' TILA damages claim is foreclosed by the statute of limitations because it was filed more than one year after the alleged TILA violations. Here, plaintiffs' TILA claim arises solely out of failure to make required disclosures at the time the loan was entered, which was on May 17, 2005. (See SAC ¶ 46.) The limitations period began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir. 1986), and would normally have expired on May 17, 2006.

Plaintiffs' initial complaint was not filed until April 23, 2009, almost three years past the statute of limitations. Plaintiff's TILA claim is therefore time barred, unless the doctrine of equitable tolling applies.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." Id. at 914-15. Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could have not discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (dismissing equitable tolling of TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (finding that plaintiff was not entitled to equitable tolling because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Plaintiffs allege that equitable tolling is appropriate because they were not given a copy of any of the loan documents

prior to closing, were not allowed to review the documents, and finally because "[t]he facts surrounding these loan transactions were purposefully hidden to prevent [p]laintiffs from discovering the true nature of the transactions . . . and continue to be hidden from [p]laintiffs to this day." (SAC ¶¶ 73, 75.) However, plaintiffs do not offer any facts that demonstrate how Novastar concealed the facts surrounding their mortgage. Plaintiffs also do not explain what prevented them from later reviewing the loan documents, which they admittedly were given at closing, and TILA's statutory requirements. "Such factual underpinnings are all the more important . . . since the vast majority of [p]laintiffs' alleged violations under TILA are violations that are self-apparent at the consummation of the transaction." <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 2009 U.S. Dist. LEXIS 87997, at *13-14 (D. Ariz. 2009) (holding that equitable tolling was not appropriate when plaintiffs simply alleged that defendants "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure").

        2.   <u>Rescission</u>

"TILA provides two private remedies: damages and rescission." <u>Shelley v. Quality Loan Serv. Corp.</u>, 2009 U.S. Dist. LEXIS 58156, at *5 (C.D. Cal. June 17, 2009). A borrower has the right to rescind the loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . together with a statement containing the material disclosures." 15 U.S.C. § 1635(a). However, where the required

5

forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." Under the statute of limitations for rescission under TILA, plaintiffs' right to rescind ended on May 17, 2008, almost a year before plaintiffs allegedly sent a notice of rescission to defendants on March 31, 2009. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). (SAC ¶ 53.) Plaintiffs' claim is therefore clearly time-barred. Accordingly, Novastar's motion to dismiss plaintiffs' TILA claim will be granted.

### B. Real Estate Settlement Procedures Act

Plaintiffs' second claim accuses Saxon and Novastar with violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. In response to defendants' motions to dismiss the RESPA claim, plaintiffs indicate they do not oppose dismissal. Accordingly, the court will grant Saxon and Novastar's motions to dismiss the RESPA claim because plaintiffs have failed to cure the defects of this claim and do not oppose its dismissal.

### C. California Rosenthal Fair Debt Collection Practices Act

Plaintiffs have amended their third cause of action for violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), to complain only against Saxon. (SAC ¶ 98.) This claim, however, suffers from the same deficiencies identified in the court's December 3, 2009 Order dismissing plaintiffs' RFDCPA claim in the First Amended Complaint. (Docket

No. 47.)  Plaintiffs still do not plead facts necessary to support the inference that Saxon is a "debt collector" under the RFDCPA; specifically, that Saxon engages in "debt collection," that the deed of trust memorializes a "consumer credit transaction," and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  See Cal. Civ. Code § 1788.2(b)-(f); Izenberg v. ETS Svcs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Because foreclosure does not constitute debt collection under the RFDCPA, it does not appear that plaintiff can cure this deficiency."); see also Ines v. Countrywide Home Loans, Inc., No. 08-1267, 2009 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008) ("Mortgage companies collecting debts are not 'debt collectors'") (quoting Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)).  Plaintiffs' cause of action for unfair debt collection practices, therefore, cannot survive a motion to dismiss.

    D.   <u>Fraud</u>

        Plaintiffs amended their fourth cause of action for fraud to add a greater degree of detail as to the alleged fraudulent actions of Saxon, Mellon, and Novastar.  However, plaintiffs' allegations are still insufficient to survive a motion to dismiss.

        In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened

pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs allege that Saxon and Mellon misrepresented that they had legitimate interests in plaintiffs' loan because defendants were required to produce the note to initiate foreclosure and Mortgage Electronic Registration Systems's ("MERS") assignment of the Note to a trust pool "stripped" the Note of its validity. (SAC ¶¶ 114-17.) The theories underlying these alleged "misrepresentations" are incorrect as a matter of law. As the court noted in its December 3, 2009 Order, defendants are not required to "produce the note" to initiate non-judicial foreclosure under California law. Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co., No. 08cv1919 WQH (AJB), 2009

WL 32567, at *2 (S.D. Cal. Jan. 5, 2009).

Additionally, MERS had the authority to assign its beneficial interest in the Note to Saxon and Mellon, regardless of whether the Note was assigned to a trust pool. See Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("Other courts . . . have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."). As this argument underlies plaintiffs' fraud claims against Saxon and Mellon, the court will grant Mellon and Saxon's motion to dismiss these claims.

Plaintiffs further allege that Novastar committed fraud when it allegedly directed and trained mortgage brokers to enter plaintiffs into toxic loans, approved plaintiffs' loans despite knowing their application contained false information, and failed to adequately supervise and train its employees "with conscious disregard for the safety of [p]laintiffs . . . ." (SAC ¶¶ 110-13.) It is unclear what, if any, misrepresentations were made by Novastar, who made them, or when they were made. It also is completely unclear why a failure to train employees, approval of plaintiffs' loan, or encouragement of a system that securitizes loans constitutes a misrepresentation. Plaintiffs have failed to plead their fraud claim against Novastar with sufficient particularity or identify a misrepresentation made by Novastar. Accordingly, the court must grant Novastar's motion to dismiss plaintiffs' fraud claim.

E. Negligence

Plaintiffs' fifth cause of action for negligence also continues to suffer from the same defects identified in the court's December 3, 2009 Order. Plaintiffs continue to cite no authority for the proposition that Mellon, Saxson, or Novastar owed a duty to not cause plaintiffs harm in their capacities as trustee, lender, and loan servicer. Although plaintiffs plead the alleged breaches of this "duty" with more detail, they again appeal to a nonexistent legal duty supposedly owed by the moving defendants. "Absent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement. Rangel v. DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Management Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)). Plaintiffs have not plead any special duty owed by Novastar, Saxon or Mellon, or an assumption of a duty to plaintiffs outside of again arguing that each defendant owed a duty of care to not cause plaintiffs harm. Accordingly, plaintiffs have again failed to establish that Saxon, Novastar, or Mellon owed them a duty of care. See Hardy v. Indymac Federal Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); Bentham, 2009 WL 2880232, at *2-3. Accordingly, the court must once again grant moving defendants' motion to dismiss plaintiffs' negligence claim.

F. Breach of Contract

Plaintiffs further allege a claim for breach of contract against Novastar. To state a claim for breach of contract under California law, plaintiffs must allege (1) the

existence of a contract; (2) plaintiffs' performance or excuse for nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. <u>Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1390 (2004). Plaintiffs allege that Novastar "promised to use reasonable skill and care to provide [p]laintiffs with an affordable fixed rate residential mortgage loan" and breached this agreement when they sold plaintiffs an "unaffordable loan." (SAC ¶¶ 136, 138.) This supposed promise to provide an "affordable loan" is vague, and plaintiffs do not allege where such a promise is memorialized or what consideration was given for such a promise. Such a vague promise is not sufficient to show the existence of a contract. <u>See</u> <u>Beverage Distributors, Inc. v. Olympia Brewing Co.</u>, 440 F.2d 21, 30 (9th Cir. 1971).

        Plaintiffs go on to allege that Novastar breached its contract by "failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for [p]laintiffs' review prior to closing, failing to explain the loan documents . . . and failed [sic] to refinance . . . ." (SAC ¶ 138.) Plaintiffs state no facts that indicate the existence of a contract that obligated Novastar to perform any of the aforementioned actions. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949. Without alleging facts that make the existence of a contract to provide an affordable loan plausible, plaintiffs cannot state a claim for breach of contract. <u>See</u> <u>Hardy</u>, 2009 WL 2985446, at *5. Accordingly, the court will grant Novastar's motion to dismiss plaintiffs' claim for breach of contract.

G.  Breach of Implied Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999) (quoting Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371 (1992)). "A typical formulation of the burden imposed by the implied covenant of good faith and fair dealing is 'that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Andrews v. Mobile Aire Estates, 125 Cal. App. 4th 578, 589 (2005) (quoting Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties . . . ." Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).

Plaintiffs have not alleged any conduct by Novastar that is inconsistent with the terms of the Note or Deed of Trust that would plausibly suggest a breach of the covenant of good faith and fair dealing. This claim appears to be nothing more than a rehashing of the previous claims in the SAC, all of which are deficient, under the label of a breach of the covenant of good faith and fair dealing. The SAC does not even identify what conduct by Novastar in particular violated the covenant. Instead, the SAC improperly groups the actions of Novastar, Direct Lender, Campos, Timoschuck, and Pacific together. Novastar should not be forced to guess as to how its conduct violated the covenant of good faith and fair dealing. See

12

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Therefore, the court will grant Novastar's motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing.

    H.    Breach of Fiduciary Duty

The elements of a breach of fiduciary duty claim are (1) existence of a fiduciary relationship; (2) breach of the fiduciary duty; and (3) damage proximately caused by that breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). "The absence of any one of these elements is fatal to the cause of action." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101 (1991). Plaintiffs allege that Novastar owed them a fiduciary duty because it interfered with the fiduciary obligations of mortgage brokers Campos and Timoshuck by offering them incentives to breach their fiduciary duties "by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not." (SAC ¶ 160.)

As previously discussed, "[a]bsent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." Rangel, 2009 U.S. Dist. LEXIS 65674, at *8; see also, e.g., Tasaranta v. Homecomings Fin., 2009 U.S. Dist. LEXIS 87372, at *15 (S.D. Cal. Sept. 21, 2009); Brittain v. IndyMac Bank, FSB, 2009 U.S. Dist. LEXIS 84863, at * 14 (N.D. Cal. Sept. 16, 2009); Dinsmore-Thomas v. Ameriprise Fin., Inc., 2009 U.S. Dist. LEXIS 68882, at *29 (C.D. Cal. Aug. 3, 2009). Plaintiffs claim that

although Novastar does not independently owe them a duty, it can be held secondarily liable for the actions of plaintiffs' mortgage brokers because an agency relationship existed between the brokers and Novastar. See Plata v. Long Beach Mortg. Co., No. C 05-02746 JF, 2005 U.S. Dist. LEXIS 38807, at *23 (N.D. Cal. Dec. 13, 2005). Even assuming that plaintiffs can establish Novastar is secondarily liable for a breach of fiduciary claim as a matter of law, plaintiffs have not alleged sufficient facts to suggest an agency relationship between Novastar and plaintiffs' mortgage brokers outside of the conclusory allegation that Novastar had an agency relationship with the brokers and provided direction for them to breach their fiduciary duties. (SAC ¶ 160.) Without facts that would suggest a plausible agency relationship between Novastar and their mortgage brokers, plaintiffs cannot override the presumption that a lender owes no fiduciary duty to its borrowers. See Iqbal, 129 S. Ct. at 1949. Accordingly, the court must dismiss plaintiffs' breach of fiduciary duty claim against Novastar.

I.   Wrongful Foreclosure

Plaintiffs' SAC again purports to state a claim for "wrongful foreclosure" against Saxon, without curing any of the defects highlighted by the court in its December 3, 2009 Order. Plaintiffs again attempt to base this claim on California Commercial Code section 3301, alleging that Saxon is not in possession of the Note, is not a beneficiary, assignee or employee of the entity in possession of the note, and is therefore not a "person[] entitled to enforce" the security interest on the property in accordance with section 3301. (SAC

14

¶¶ 187-89.) However, section 3301 does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924. See <u>Gaitan v. Mortgage Elec. Registration Sys.</u>, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). As previously noted, there is no requirement for the production of the original note to initiate a non-judicial foreclosure sale under California law. See <u>Oliver</u>, 2009 WL 3122573, at *3; <u>Kamp</u>, 2009 WL 3177636, at *4; <u>Putkkuri</u>, 2009 WL 32567, at *2. There was also nothing defective about defendants' transfers of the note as a matter of law. See <u>Bentham</u>, 2009 WL 2880232, at *3. Therefore, plaintiffs cannot assert a claim based on the notion that Saxon did not have a right to commence foreclosure proceedings and the court must grant Saxon's motion to dismiss this claim.

  J. <u>California's Unfair Competition Law</u>

    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." <u>Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's of Cal., Inc.</u>, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs' UCL claim is entirely derivative of the previous claims in the complaint. Since plaintiffs have failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiffs' UCL claim, they by necessity have failed to state a

15

claim against Saxon, Mellon, or Novastar under the UCL. Accordingly, the court will grant Saxon and Mellon's and Novastar's motions to dismiss plaintiffs' UCL cause of action.

K.  Leave to Amend

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>Cal. Architectural Bldg. Prods. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). Furthermore, while leave to amend must be freely given, the court is not required to allow futile amendments. <u>See DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983); <u>see also</u> <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990); <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987). The court's December 3, 2009 Order specifically advised plaintiffs of the pleading defects, what plaintiffs needed to plead to rectify them, and gave plaintiffs the opportunity to file the SAC. As explained above, plaintiffs SAC--while over thirty-five pages long--fails to correct many of these defects.

It is clear that further amendment will not help plaintiffs adequately plead at least some causes of action. Plaintiffs' negligence claim fails as a matter of law because there is no fiduciary relationship between a loan servicer or lender and a borrower. <u>See</u> <u>Marks v. Ocwen Loan Servicing</u>, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009). Similarly, it would be futile to give plaintiffs another opportunity to amend their wrongful foreclosure claim because defendants do not have to "produce the note" to foreclose and did

16

not make illegitimate transfers of the interests in plaintiffs' Note as a matter of law. See Bentham, 2009 WL 2880232, at *3.

With respect to plaintiffs' causes of action for violations of RESPA and the RFDCPA, the court previously apprised plaintiffs of the same deficiencies that plague the SAC. Since the deficiencies have not been corrected, the court can only conclude that plaintiffs do not intend to allege or is unwilling or unable to properly plead claims for RFDCPA and RESPA violations. Cf. Garcia ex rel. Marin v. Clovis Unified School Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009). To the extent that plaintiffs are again attempting to allege such claims, dismissal without leave to amend is appropriate.

As to the remaining causes of action against Novastar, Saxon, and Mellon, plaintiffs are admonished that failure to cure the defects identified in this Order is grounds for dismissal without further leave to amend.

II. Motion to Expunge Notice of Pendency

Saxon and Mellon additionally move to expunge a notice of pendency ("lis pendens") filed by plaintiffs on July 22, 2009, in the Sacramento County Recorder's Office. A lis pendens is a "recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." Urez Corp. v. Superior Court, 190 Cal. App. 3d 1141, 1144 (1987). The practical effect of a lis pendens is to cloud the property's title and prevent its transfer until the litigation is resolved or the lis pendens is expunged or released. Malcom v. Superior Court, 29 Cal. 3d 518,

523-24 (1981).

A lis pendens must be expunged without a bond if the court makes any of the following three findings. First, the court must expunge the lis pendens if the plaintiff's complaint does not contain a "real property claim." Cal. Code Civ. Pro. § 405.4. A "real property claim" is one affecting title or possession of specific real property. Id. § 405.31. The second circumstance in which the court must expunge the lis pendens is if the plaintiff "has not established by a preponderance of the evidence the probable validity of a real property claim." Id. § 405.3. This requires the plaintiff to demonstrate that it is more likely than not that the plaintiff will obtain a judgment against the defendant on the claim. Id. § 405.32. Finally, the lis pendens is void if there was a defect in service or filing. See Id. §§ 405.22-.23.

Plaintiffs have not established by a preponderance of the evidence that they will obtain judgement from defendants on their real property claims. Since all of plaintiffs' claims have been dismissed due to their serious defects, plaintiffs cannot establish that it is more likely than not that they will succeed on the merits of any of their claims against Saxon, Mellon, or Novastar. See Castro v. Saxon Mortg. Servs., No. 09-00030, 2009 WL 837589, at *3 (N.D. Cal. Mar. 27, 2009); Rosas v. ETS Servs., LLC, No. CV 08-05259, 2009 WL 765691 (N.D. Cal. Mar. 12, 2009). For the reasons articulated in Section I, infra, the court finds that plaintiffs have not properly plead a real property claim or established the probable validity of that claim. The lis pendens notice must therefore be expunged.

Saxon and Mellon request the court to award them attorney's fees in connection with expungement of the lis pendens. Assuming that California law applies, under California Code of Civil Procedure section 405.38, "[t]he court shall direct that the party prevailing on any motion [regarding lis pendens] be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." In their motion, however, Saxon and Mellon do not indicate what dollar amount of fees and costs the court should award them. Without this information the court can neither tell if the costs and fees are reasonable, nor if the amount is so large such that imposing fees on plaintiffs would be unjust. See Garcia v. Indymac Bank, F.S.B., No. CV 09-7368 PSG (JEMx), 2009 WL 4048908, at *2 (C.D. Cal. Nov. 19, 2009). The court will therefore deny Saxon and Mellon's request for attorney's fees without prejudice.

IT IS THEREFORE ORDERED that:

(1) Saxon and Mellon's motion to dismiss plaintiffs' claims for violations of RESPA, the RFDCPA, negligence, and wrongful foreclosure against Saxon and Mellon be, and the same hereby is, GRANTED WITH PREJUDICE;

(2) Saxon and Mellon's motion to dismiss plaintiffs' claims for fraud and violations of the UCL against Saxon and Mellon be, and the same hereby is, GRANTED.

(3) Saxon and Mellon's motion to expunge notice of pendency of action be, and the same hereby is, GRANTED;

(4) Saxon and Mellon's request for attorney's fees and

costs in connection with their motion to expunge notice of pendency of action be, and the same hereby is, DENIED WITHOUT PREJUDICE; and

    (5) Novastar's motion to dismiss plaintiffs' claims for violation of RESPA, negligence, TILA, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the UCL against Novastar be, and the same hereby is, GRANTED.

    Plaintiffs are granted twenty days from the date of this Order to file a Third Amended Complaint, if they can do so consistent with this Order.

DATED: February 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE