UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CESAR CASTANEDA and SUZZANNE CASTANEDA, | NO. CIV. 2:09-1124 WBS KJN |
| Plaintiffs, | ORDER RE: MOTIONS TO DISMISS |
| v. | |
| SAXON MORTGAGE SERVICES, INC.; NOVASTAR MORTGAGE, INC.; QUALITY LOAN SERVICE CORP.; SYNERGY FINANCIAL MANAGEMENT dba DIRECT LENDER; THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST 2005-2 BY SAXON; MORTGAGE SERVICES, INC.; LOUIS LEON PACIFIC; MICHAEL TIMOSHUCK; IVETTE CAMPOS;, and DOES 1-20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Cesar and Suzzanne Castaneda filed this action against defendants Saxon Mortgage Services, Inc. ("Saxon"), Novastar Mortgage, Inc. ("Novastar"), Quality Loan

1

1  Service Corp. ("Quality Loan"), Synergy Financial Managment,
2  d/b/a Direct Lender ("Synergy"), The New York Bank of Mellon, as
3  successor Trustee under Novastar Mortgage Funding Trust 2005-2 by
4  Saxon ("Mellon"), Louis Leon Pacific, Michael Timoshuck, and
5  Ivette Campos, alleging various state and federal claims relating
6  to a loan they obtained to refinance their home in Sacramento,
7  California. (Docket No. 2.)  Plaintiffs asserted that the basis
8  of this court's jurisdiction over the action was federal question
9  jurisdiction, predicated on their claims for violations of the
10 Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the
11 Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§
12 2601-2617.  (Docket No. 2.)

13         After the court granted two motions to dismiss
14 plaintiffs' complaint with leave to amend, (Docket Nos. 47, 66),
15 plaintiffs filed a Third Amended Complaint ("TAC") on March 17,
16 2010, which no longer contains any federal causes of action.
17 (Docket No. 69.)  Plaintiffs do not oppose defendants Novastar
18 and Saxon and Mellon's motions to dismiss without prejudice on
19 the grounds that the court should decline to exercise
20 supplemental jurisdiction over plaintiffs' pendant state law
21 claims.  (See 72, 79.)  The defendants, however, ask the court to
22 retain supplemental jurisdiction over plaintiffs' state law
23 claims and dismiss plaintiff's TAC with prejudice.  (See Docket
24 Nos. 71, 73.)

25         Under 28 U.S.C. § 1367(c)(3), a district court may
26 decline to exercise supplemental jurisdiction over a state law
27 claim if "the district court has dismissed all claims over which
28 it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3);

2

1  see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th
2  Cir. 1997) ("[A] federal district court with power to hear state
3  law claims has discretion to keep, or decline to keep, them under
4  the conditions set out in § 1367(c)."). Factors for a court to
5  consider in deciding whether to dismiss supplemental state claims
6  include judicial economy, convenience, fairness, and comity.
7  Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th
8  Cir. 1992). "[I]n the usual case in which federal law claims are
9  eliminated before trial, the balance of factors . . . will point
10 toward declining to exercise jurisdiction over the remaining
11 state law claims." Reynolds v. County of San Diego, 84 F.3d
12 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri,
13 114 F.3d at 1000.
14         While it has been over a year since plaintiffs filed
15 their original Complaint in federal court, the case has yet to
16 progress beyond the motion to dismiss stage. As none of the
17 parties have posed any extraordinary or unusual circumstances
18 that would counsel against dismissal, the court will decline to
19 exercise supplemental jurisdiction under § 1367(c)(3) as to the
20 TAC's state law claims.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

IT IS THEREFORE ORDERED that plaintiff's Third Amended Complaint be, and the same hereby is, DISMISSED without prejudice.[1]

DATED:  June 3, 2010

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Defendants' motions to dismiss are therefore denied as moot.

4